# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE

## JAMES WALTER YOUNG v. NASHVILLE ELECTRIC SERVICE

**Appeal as of Right from the Chancery Court for Davidson County**
**No. 99-192-III    Ellen H. Lyle, Chancellor**

---

### No. M2003-00020-SC-WCM-CV - July 6, 2004

---

In this workers' compensation appeal, the Special Workers' Compensation Appeals Panel ("Appeals Panel") affirmed the trial court's judgment, finding that the employee failed to carry his burden of proof as to causation. The employee has filed a motion for review pursuant to Section 50-6-225(e)(5)(B), Tennessee Code Annotated (Supp. 2003). That statute requires that a motion for review be filed within fifteen days of the issuance of the Appeals Panel's decision. We hold that the fifteen-day period for filing a motion for review is jurisdictional and that the Court therefore is without jurisdiction to consider a motion that is not timely filed.

**Tenn. Code Ann. § 50-6-225(e)(5)(B) Motion for Review; Judgment of the Chancery Court is Affirmed.**

Catherine Hughes and Joseph M. Dalton, Nashville, Tennessee for Appellant, James Walter Young.

Cyrus Lucius Booker and Tara Nicole Gillespie, Nashville, Tennessee, for Appellee, Nashville Electric Service.

### OPINION

The Appeals Panel's decision was issued on February 27, 2004. The parties therefore had fifteen days from February 27 within which to file a motion for review, making Monday, March 15, 2004, the last day upon which such a motion could be filed.[1] The employee's motion for review was not filed until March 18, 2004.

---

[1]The fifteenth day after issuance of the Appeals Panel's decision was Saturday, March 13. For that reason, the deadline for filing a motion for review was Monday, March 15. See Rule 21(a), Tenn. R. App. P.

In the motion for review, counsel for the employee concede that the motion was not timely filed. They ask the Court, however, to "waive" the fifteen-day requirement because they had relocated their law office in September 2003 and, "through oversight, failed to notify the Supreme Court Clerk's Office of this move." Counsel therefore did not immediately receive the Appeals Panel's opinion because it had to be forwarded by the postal service. In addition, one of the employee's attorneys states in an affidavit attached to the motion for review that both he and his co-counsel were "out-of-town from March 3, 2004 until March 14, 2004, and counsel did not actually receive the Panel's Decision until Monday, March 15, 2004." On these factual grounds, counsel for the employee ask the court to "waive the 15 day rule as to the filing of this motion."

The employer, Nashville Electric Service ("NES"), has filed a response in opposition to the employee's motion for review. In pertinent part, NES argues that the fifteen-day period for filing a motion for review is jurisdictional. Thus, NES asserts that the fifteen-day period may not be "waived" and that the motion for review therefore should be dismissed.

The issue presented in this case is whether this Court may extend the fifteen-day limitation period imposed by Section 50-6-225(e)(5). That statute provides, in pertinent part:

> The decision of the panel shall become the judgment of the supreme court thirty (30) days after it is issued unless: . . .(B) Any party to the appeal files a motion requesting review by the entire supreme court within fifteen (15) days after issuance of the decision by the panel, in which event a final judgment will not be entered: (i) Until the motion is denied; or (ii) If the motion is granted, until the supreme court enters final judgment after its consideration of the case.

> For purposes of this subsection, a decision of the panel shall be deemed to be issued on the day it is mailed to the parties, which date shall be noted on the decision by the clerk.

This Court previously has addressed the issue of whether the Court may consider an untimely motion for review. In Pittman v. Lasco Industries, Inc., 908 S.W.2d 932 (Tenn. 1995), we held that "Tenn.R.App.P. 21(b),[2] does not operate to extend the fifteen-day filing period established by the statute"; as a result, we held that the court is without jurisdiction to consider an untimely motion for review. Id. at 933. See also, Whitney v. A.O. Smith Corp,. No. 02S01-9301-CV-00004, 1994 WL 902785, at *1 (Tenn. July 14, 1994) (wherein the Court dismissed an untimely motion for review); U.T.C. Carrier Corp. v. Woodard No. 02S01-9208-CV-00050, 1993 WL 835599, *1 (Tenn. June 25, 1993) (wherein the Court dismissed an untimely motion for review).

_____

[2]Rule 21(b) provides: "Extension of Time. For good cause shown the appellate court may enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time; but the court may not enlarge the time for filing a notice of appeal prescribed in rule 4, an application for permission to appeal prescribed in rule 11, or a petition for review prescribed in rule 12."

Consistent with our ruling in <u>Pittman</u>, we hold that the fifteen-day limitation period imposed by Section 50-6-225(e)(5)(B) is jurisdictional and may not be waived or extended by the Court. As a result, the employee's motion to waive the fifteen-day requirement is denied, and the employee's motion for review is dismissed as untimely.

The costs are taxed to the plaintiff-appellant, James Walter Young, for which execution may issue, if necessary.

PER CURIAM

Birch J., Not Participating